PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee
## Superseding Petition for Summons for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. **676**]

Name of Offender: <u>Climmie Jones</u>　　　Case Number: <u>3:096-00017-001</u>

Name of Judicial Officer: <u>Honorable Todd J. Campbell, U.S. District Judge</u>

Date of Amended Sentence: <u>January 17, 2008</u>

Original Offense: <u>Count 1: 21 U.S.C.§ 846, Conspiracy to Distribute Cocaine & Cocaine Base; Counts 6 and 17: 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Cocaine Base; Counts 3, 5, 8, 10, 12, 14, and 16: 21 U.S.C. § 860, Distribution of Cocaine Base within 1,000 Feet of School; Count 19: 18 U.S.C.§ 2, Aiding and Abetting Distribution of Cocaine Base within 1,000 Feet of School; Count 20: 26 U.S.C. § 5861(d), Possession of an Unregistered Firearm; and Count 21: 18 U.S.C. § 922 (g)(1) Felon In Possession of a Firearm</u>

Amended Sentence: <u>168 months custody followed by 6 years supervised release</u>

Type of Supervision: <u>Supervised Release</u>　　　Date Supervision Commenced: <u>November 13, 2007</u>

Assistant U.S. Attorney: <u>Clay Lee</u>　　　Defense Attorney: <u>AFPD Ronald C. Small</u>

## PETITIONING THE COURT

____ To issue a Summons.　　**_X_ To Consider the Additional Information at the Revocation Hearing on September 12, 2013.**

____ To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
　　☐ Sealed Pending Warrant Execution
　　　(cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ Information to be Considered at the Revocation Hearing on September 12, 2013.

Considered this __9__ day of __Sept__, 2013, and made a part of the records in the above case.

_____
Honorable Todd J. Campbell
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
U.S. Probation Officer
Paul Montgomery

Place　　Nashville, TN

Date　　September 9, 2013

The information provided in the previous petition, filed as docket entry No.<u>676</u>, has been amended as follows:

> **Violation No 2. - has been amended to include disposition information about the previously pending charges.**

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

**Violation No.**   **Nature of Noncompliance**

1.   **The defendant shall not leave the judicial district without the permission of the court or probation officer.**

   The defendant left the Middle District of Tennessee without permission on February 27, 2013. He was arrested by the Kentucky State Police in Madisonville, Kentucky, on various charges.

2.   **The defendant shall not commit another federal, state or local crime.**

   On February 27, 2013, the defendant was arrested by the Kentucky State Police and charged with Speeding; Careless Driving; Failure to Produce Insurance Card; Operating a Motor Vehicle Under the Influence of Alcohol or Drugs; and Failure to Wear Seat Belt.

   **On August 29, 2013, the defendant appeared in Hopkins Circuit Court, Hopkins, Kentucky, and under <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), entered a guilty plea to Count Four: Operating a Motor Vehicle Under the Influence of Alcohol or Drugs. All remaining counts were dismissed.**

   **Mr. Jones was Ordered to pay a $200 fine, a $375 state fee, and $168 in court costs. His drivers license was suspended for 30 days. However, he was given credit for 98 days pre-suspended. He was also Ordered to enroll in treatment.**

3.  **The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**

    On February 22, 2013, the defendant informed the probation officer he had changed residences, and was now living with his wife in Murfreesboro, Tennessee.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Climmie Jones began supervised release on November 13, 2007, and is scheduled to terminate supervision on November 12, 2013.

In June 2008, the Court was notified about noncompliant behavior by the defendant, specifically, the defendant not providing truthful information to the probation officer, and associating with persons convicted of a felony without the permission of the probation officer. No action was taken by the Court.

**New Violations:**

According to the Kentucky State Police Report, the defendant was observed by police traveling 87 miles per hour (mph) in a 70 mph zone. His vehicle was weaving between lanes passing other vehicles. After initiating a traffic stop, the officer reported he smelled a strong odor of marijuana coming from the defendant's vehicle. The defendant also was not wearing a seat belt.

Mr. Jones produced an insurance card that expired on October 13, 2010. The officer asked the defendant when was the last time he smoked marijuana, and the defendant's response was that he did not want to incriminate himself. Mr. Jones stated to the officer that there was no marijuana in the vehicle. According to the police report, the defendant performed poorly on the field sobriety test. He was arrested for DUI. The defendant informed the police officer that he would not give a blood sample that would incriminate him for marijuana.

The officer noted that an empty "baggie" that smelled of marijuana was located under the passenger seat of the vehicle.

When the probation officer met with the defendant on March 1, 2013, he stated that he was traveling to the Casinos in Evansville, Indiana. Mr. Jones attempted to provide an explanation that he thought the area where he was arrested was within the Middle District of Tennessee. He surmised this because of his pretrial detention location in Bowling Green, Kentucky. He was reminded that he stated he was traveling to Indiana, a location that is clearly not in the Middle District of Tennessee.

The probation officer spoke with the arresting officer, Joe Bartolotti, who confirmed the above information. Officer Bartolitti confirmed the defendant had a female passenger with him during this

traffic stop, but she was not cited. This female passenger was asked if she wished to take custody of the defendant's vehicle, but she refused, stating that she had just met the defendant earlier that day. Officer Bartolotti also confirmed the defendant was given an opportunity to submit to a blood test to determine if he was under the influence, but he refused.

On February 1, 2013, the defendant was asked to submit to a drug screen. The initial screen provided by the defendant was diluted and was not sent to the laboratory for confirmation. The defendant informed the drug program assistant (DPA) who was obtaining the drug screen that he needed to leave, but would return prior to close of business and submit another sample. The defendant did not return that day. When questioned about this, the defendant stated he thought the DPA or this officer was trying to tamper with his sample when he was told that it was diluted. Mr. Jones has been placed on random drug testing at the probation office.

**Update of Offender Characteristics:**

Mr. Jones resides in Murfreesboro, Tennessee, with his wife Marion. He is currently employed at Vietti Food in Nashville.

**U.S. Probation Officer Recommendation:**

The defendant was admonished by the probation officer and informed that it was imperative that he comply with the terms of his supervised release. It is recommended the additional information be considered at the revocation hearing on September 12, 2013.

The U.S. Attorney's Office has been informed of the additional information requested to be considered.

Approved: _____
W. Burton Putman
Supervisory U.S. Probation Officer

SENTENCING RECOMMENDATION
UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
UNITED STATES V. CLIMMIE JONES CASE NO. 3:96-00017-001

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** V

**ORIGINAL OFFENSE DATE:** VCCA PROVISIONS   VCCA PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 5 years (Class A Felony) 18 U.S.C. § 3583(e)(3) | 7-13 months U.S.S.G.§ 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 10 years less any term of imprisonment 18 U.S.C. 3583(h) | 10 years less any term of imprisonment U.S.S.G § 5D1.2(c) | No recommendation |

Revocation is mandatory if the court finds the defendant, as part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of a year. 18 U.S.C. § 3583(g)(4). The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Upon a finding that a defendant violated a condition of probation or supervised release by being in possession of a controlled substance, the court is required to revoke probation or supervised release and impose a sentence that includes a term of imprisonment. U.S.S.G. § 7B1.4, Application Note: 5.

In the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4 (term of imprisonment) is more than six months but not more than ten months, the minimum term may be satisfied by a sentence of imprisonment or a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. U.S.S.G. §7B1.3(c)(2).

Respectfully Submitted,

*Paul Montgomery*
Paul Montgomery
U.S. Probation Officer

Approved: _____
W. Burton Putman
Supervisory U.S. Probation Officer